ALEXANDER G. CALFO (SBN 152891)
  *ACalfo@yukelaw.com*
KELLEY S. OLAH (SBN 245180)
  *KOlah@yukelaw.com*
YUKEVICH CALFO & CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, CA  90071-1560
Telephone:   (213) 362-7777
Facsimile:   (213) 362-7788

Attorneys for Defendant
DEPUY ORTHOPAEDICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WENDY KAMERIK,<br><br>            Plaintiff,<br><br>     vs.<br><br>DEPUY ORTHOPAEDICS, INC., an Indiana Corporation authorized to do business in California; DOES 1 through 50, Inclusive,<br><br>            Defendants. | CASE NO. CV11-06920-MMM (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on January 9, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 3 and 10 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective

Order or to the parties' designation of any information, document, or thing as "Confidential," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that

this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

1.  **Defendant DePuy Orthopaedics, Inc. ("DePuy")** may designate as confidential material all or any part of documents produced by DePuy in response to various requests for production of documents filed by Plaintiff or herein. DePuy agrees that the designation of material as confidential shall be made by it only after a bona fide determination that the material is in fact a trade secret or other confidential research, commercial, or proprietary information.

2.  The designation of confidential material shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the word "Confidential." The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

3.  Any deposition or other testimony may be designated as "Confidential" by any one of the following means:

    (a)  stating orally on the record of a deposition that certain information or testimony is "Confidential" or that the entire deposition transcript is so designated. Whenever any information designated "Confidential" is to be discussed or disclosed in a deposition, persons who are not entitled to receive such information under this Protective Order shall be excluded from the room; or,

    (b)  sending written notice within fifteen (15) business days of receipt of the transcript of the deposition designating all or a portion of the transcript as "Confidential." However, all **deposition** testimony, regardless of whether a designation was made on the record, shall be treated as "Confidential" until fifteen

(15) business days after the transcript of the deposition has been received by the party whose "Confidential" materials are involved.

4.      Notwithstanding the foregoing, DePuy's inadvertent failure to designate material "Confidential" in accordance with the terms of paragraph 2 or 3 will not preclude a later designation to the extent that confidential treatment can still be obtained without undue burden or expense on any party to the litigation.

5.      Material or information designated as confidential under this Protective Order shall not be used or disclosed by Plaintiff or her counsel or any person acting on her behalf to any other persons or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein as provided for hereinafter.

6.      Counsel for Plaintiff shall not disclose or permit the disclosure of any material or information designated as confidential under this Protective Order to any other person or entity, except in the following circumstances:

(a)     Disclosure may be made to employees of counsel for Plaintiff who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information be held in confidence.

(b)     Disclosure may be made to consultants or experts (hereinafter, "expert") employed by Plaintiff or her counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." A copy of each executed Confidentiality Agreement shall be furnished to counsel for DePuy at the time when experts are required to be disclosed. In no event shall any disclosure be made to employees, officers, or directors of any competitors of DePuy, irrespective of whether they are

retained as an expert for Plaintiff.

       (c)    Disclosure may be made to Plaintiff to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, Plaintiff shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information be held as confidential and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A."

       7.    Counsel for Plaintiff shall keep all material or information designated as confidential which is received under this Protective Order within its exclusive possession and control, except as provided hereinafter in paragraph 8, and shall immediately place such material and information in a secure facility. Except as provided in paragraph 6 above, no person shall have access to the foregoing facility.

       8.    Any person having access to material or information designated confidential under this Protective Order shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except for copies, extracts, summaries or descriptions furnished by Plaintiff's counsel to consultants or experts employed by them in the preparation and trial of this litigation. Said consultants or experts shall not make copies of the confidential material or information furnished to them by counsel.

       9.    Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Protective Order.

       10.    If, during trial or in connection with any motion or other proceeding, any party intends to offer into evidence any documents, exhibits, or other materials that reveal or may tend to reveal material or information claimed to be confidential by DePuy, counsel for Plaintiff shall either (i) make arrangements with DePuy for the handling of such information or (ii) if the parties cannot agree on such

arrangements, submit such evidence to the Court by Plaintiff in accordance with Federal Court requirements and any other applicable rules**, including, without limitation, Local Rule 79-5,** or orders of the Court.

11. Upon final termination of this action, whether by judgment, settlement, or otherwise, counsel for Plaintiff shall either destroy, or assemble and return to counsel for DePuy, all material in her possession or subject to her control (including, but not limited to, material furnished to consultants and/or experts) that was determined, either by agreement or Court order, to be confidential. In the event counsel for Plaintiff elect to destroy all or a portion of such material or information, counsel for Plaintiff shall certify in writing that such material or information has been destroyed. The terms of this paragraph shall apply to any and all copies, extracts, summaries, or descriptions made of or concerning the material or information determined to be confidential.

**IT IS SO ORDERED.**

Date: February 16, 2012

_____

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read the Protective Order executed by the attorneys of record for the parties in the action presently pending in the matter of *Wendy Kamerik v. DePuy Orthopaedics, Inc. et al.*, United States District Court – Central District of California (Western Division), C.A. No. 2:11-cv-06920-MMM, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Name: _____
Company: _____
Address: _____
_____

Date: _____

YUKEVICH CALFO & CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777

7                                                        CV11-06920-MMM
PROTECTIVE ORDER